The Honorable W. J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on several questions concerning the State Board of Election Commissioners. Specifically, you have noted that the Board is given the duty to "certify" voting equipment for use in all elections in this state pursuant to A.C.A. 7-5-503 and A.C.A. 7-5-606. Your questions relative to this fact will be set out below and answered in the order posed.
Your first question is whether the State Board of Election Commissioners has the authority to "issue rules and regulations governing the certification of all election devices on a[n] annual basis". Your question refers to the certification of "all election devices". For the reasons that follow, it is my opinion that the Board has authority to issue rules and regulations pertaining to "electronic voting systems" including such devices as "automatic tabulating equipment", and "marking devices", (See A.C.A. 7-5-601), but that it does not have authority to promulgate rules and regulations governing the certification of "voting machines". Section 7-5-606 of the Arkansas Code provides as follows:
 (a) The State Board of Election Commissioners may promulgate rules for the administration of this subchapter and shall approve the marking devices and automatic tabulating equipment used in electronic voting systems.
Clearly, under the statute above, the Board may promulgate rules for the administration of the subchapter entitled "Electronic Voting". No such authority, however, is granted under the subchapter containing the Board's authority to approve "voting machines". See A.C.A. 7-5-503. Your question also inquires as to whether rules may be promulgated on an annual basis. Section7-5-606 does not address any time constraints on the making of rules, and in the absence of such constraints, it is my opinion that the board may make rules at such times as it deems necessary.
Your second question is whether the promulgation of rules by the Board is subject to the "Administrative Procedures Act". That act is codified at A.C.A. 25-15-201 et seq., and applies to all "agencies" as defined in 25-15-202(1) as follows:
 (1) "Agency" means each board, commission, department, officer, or other authority of the government of the State of Arkansas, whether or not within, or subject to review by, another agency, except the General Assembly, the courts, and Governor;
 (A) The word "agency" shall include the Child Care Facility Review Board;
 (B) The word "agency" shall not include the Arkansas Public Service Commission, the Arkansas Transportation Commission, the Commission on Pollution Control and Ecology, the Contractors Licensing Board, the State Department of Health, the Arkansas Workers' Compensation Commission, the Employment Security Division of the Arkansas Department of Labor, and the Department of Veterans' Affairs, it being determined by the General Assembly that the existing laws governing those agencies provide adequate administrative procedures for those agencies.
The statute above would appear to be applicable to the State Board of Election Commissioners as it is a "board" of the government of the State of Arkansas. It should be noted, however, that the "Administrative Procedures Act" does not apply to the Governor. The Governor is a member of the State Board of Election Commissioners. A.C.A. 7-4-101(a). It is my opinion, however, that this fact does not exempt the Board from application of the act. It is reasonable to conclude in my opinion, that the Governor is exempt from the act when he, or an arm of his office is acting in the capacity of "Governor" and not in the capacity of a member of the State Board of Election Commissioners. The question presented is whether the "Board" is subject to the act, not whether the Governor is subject to the act.
Your third question is whether A.C.A. 7-5-505, which requires a certain guarantee, is applicable to all types of voting equipment. The statute provides that:
 The State Board of Election Commissioners or the county board of election commissioners shall purchase or procure no voting machine unless the party selling them shall guarantee, in writing, the machines for a period of five (5) years and provide personnel for supervision and training of county personnel for at least two (2) elections, one (1) primary and one (1) general.
The section above prohibits the purchase of "voting machines" without the five year guarantee and the two year election training requirement. The section does not apply to "automatic tabulating equipment" or "electronic voting systems" because those terms are defined as specifically excluding voting machines. See A.C.A.7-5-601(1) and (5). It is my opinion that A.C.A. 7-5-604(b) does not require a different result.
Your fourth question is whether a contract to sell "voting equipment" is in violation of A.C.A. 7-5-505 if no guarantee is included. The answer to this question is "yes" if the equipment is a "voting machine" and "no" if the equipment is anything else.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.